# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| EDDIE J. HENDERSON, III, | ) CASE NO. 1:21-cv-01412 |
| Petitioner, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| WARDEN KENNETH BLACK, | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) |

This matter is before the Court on the Report and Recommendation of Magistrate Judge James E. Grimes, Jr. (R. 11).[1] Petitioner Eddie J. Henderson, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 22, 2021, raising three grounds for relief. (R. 1). On December 3, 2021, Respondent filed a Return of Writ. (R. 6). On January 12, 2022, Petitioner filed the Traverse to the Return. (R. 7).

On March 14, 2024, the Magistrate Judge issued his Report and Recommendation (R&R) that considered each of Petitioner's claims in the petition, and recommended they be dismissed as either meritless or procedurally defaulted. (R. 11). The R&R also stated that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019)." *Id*. at PageID# 227. Petitioner has not filed any objections to the Report and Recommendation.

---

[1] This case was reassigned to Magistrate Judge Grimes on September 20, 2022 with automatic referral pursuant to Local Rule 72.2.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to Rule 72(b), the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (Lioi, J.) (*citing Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to

review a magistrate's report to which no objections are filed"). Here, the Report and Recommendation placed the parties on notice as to the potential for forfeiture in the event of failure to object. (R. 11, PageID# 227).

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 11) is hereby ADOPTED. The matter is hereby DISMISSED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Date: September 19, 2024          s/ *David A. Ruiz*
                                  David A. Ruiz
                                  United States District Judge